**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:** **CASE NO. 25-02137-5-JNC**

**TIGHT LINES FAMILY MEDICINE, PA,** **Chapter 11**
**Debtor-in-Possession**

**EMERGENCY MOTION TO DETERMINE THE EXTENT OF LIEN AND FOR USE OF CASH COLLATERAL**

**COMES NOW** Tight Lines Family Medicine, PA, Debtor-in-Possession in the above captioned case [hereinafter "Debtor"], and, pursuant to Sections 363, 506 and 552 of the Bankruptcy Code, the Debtor hereby moves the Court for an order determining the extent of creditors' lien on cash collateral and, as necessary, authorizing the Debtor to use cash collateral. In support of this Motion, the Debtor shows to the Court the following:

1. On 6 June 2025, the Debtor commenced this case by filing the above-captioned petition under Chapter 11 of the United States Bankruptcy Code.

2. The Debtor operates as a family medicine practice in Wilmington, North Carolina.

3. The Debtor's income is derived from providing patient services. The principal cause of the filing was that the Debtor had issues with its invoice processing creating a shortfall in its operating capital that it filled by resorting to MCA lending. However, this practice was unsustainable.

4. The Debtor has found a recorded UCC-1 filing securing a blanket lien in favor of the McKesson Corporation. *See* **Exhibit A** attached.

5. The Debtor has found a second recorded UCC-1 filing securing a blanket lien in favor of the ASD Specialty Healthcare, LLC. *See* **Exhibit B** attached.

6. The Debtor has found a third recorded UCC-1 filing securing a lien on accounts in favor of AmerisourceBergen Drug Corp. *See* **Exhibit C** attached.

7. The Debtor has found a fourth recorded UCC-1 filing securing a blanket lien in favor of CT Corporation System as agent for the unidentified holder.. *See* **Exhibit D** attached.

8. The Debtor has found a fifth recorded UCC-1 filing securing a blanket lien in favor of CT Corporation System as agent for the unidentified holder.. *See* **Exhibit E** attached.

9. The Debtor has found a sixth recorded UCC-1 filing securing a blanket lien in favor of Corporation Services Company as agent for the unidentified holder.. *See* **Exhibit F** attached.

10. Based on these instruments and without regard to those documents enforceability or validity, the Debtor likely holds funds that constitute pre-petition cash collateral of these lenders in the form of cash on hand in accounts as well as accounts receivable.

11. For purposes of this motion and with reservation of all rights to object to the claims of these creditors and lien positions, the Debtor presumes that these creditors are the only secured creditors with a lien on cash collateral.

12. The Debtor needs the use of its post-petition income for its operations. Without the use of this cash, the Debtor will suffer immediate irreparable harm.

13. Specifically, the Debtor needs continued use of its cash to protect and preserve the lenders' collateral and address administrative costs of same.

14. For the limited purpose of this Motion and the Court's subsequent order, the Debtor submits that the lenders are adequately protected by the fair market value of the estate property subject to the lender's lien without the need for further encumbrance of the Debtor's cash.

15. However, to the extent necessary to ensure adequate protection for any post-petition diminution in value of the lenders' interests in its collateral, Debtor submits that it can protect these interests by the granting of a post-petition continuing replacement lien in and on the collateral of the same types and of the same validity, perfection, extent and priority as held by these lenders pre-petition specifically including, but not limited to, accounts receivables generated post-petition.

16. Based on the Court's ruling and to the extent necessary in conformance with that ruling, the Debtor will provide an interim budget and intends to operate according to this budget until the final hearing on cash collateral or the termination of this Court's order; whichever occurs first.

**WHEREFORE**, the Debtor moves the Court for the following:

1. The entry of an interim order authorizing the Debtor to use its cash collateral, subject to the interim budget;

2. For such further relief as the Court may deem appropriate.

Respectfully submitted this 10th day of June 2025.

**J.M. Cook, P.A.**

By: /s/ J.M. Cook
J.M. Cook
5886 Faringdon Place
Suite 100
Raleigh, NC 27609
Tel: 919.675.2411
Fax: 919.882.1719
Email: J.M.Cook@jmcookesq.com

**CERTIFICATE OF SERVICE**

I, J.M. Cook, of 5886 Faringdon Place, Suite 100, Raleigh, North Carolina, 27609, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served copies of the foregoing Motion electronically upon the Bankruptcy Administrator, other counsel of record appearing on the docket and upon the following parties by mailing, postage prepaid, first class mail, addressed as follows:

Tight Lines Family Medicine, P.A.
Attn: Managing Agent or Officer
165 North Hills Drive
Wilmington, NC 28411

I certify under penalty of perjury that the foregoing is true and correct.

This 10th day of June 2025.

**J.M. Cook, P.A.**

By: /s/ J.M. Cook

J.M. Cook
5886 Faringdon Place
Suite 100
Raleigh, NC 27609
Tel: 919.675.2411
Fax: 919.882.1719
Email: J.M.Cook@jmcookesq.com