**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:** **CASE NO. 25-02137-5-JNC**

**TIGHT LINES FAMILY MEDICINE, PA,** **Chapter 11**
**Debtor-in-Possession**

**ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF OFFICER**

**THIS MATTER** came on before the Court upon the Application of the Debtor-in-Possession in the above captioned case, for entry of an order authorizing the employment and compensation of Max Brandon Ludlum, president and shareholder of the Debtor. Based upon the Application and other evidence presented, the Debtor's Motion is **ALLOWED**. In support of these rulings, the Court makes the following findings in support:

1. On 6 June 2025, the Debtor commenced this case by filing a petition under Chapter 11 of the United States Bankruptcy Code.

2. On 12 June 2025, the Debtor filed its Application for Authority to Employ and Compensate its Officer in which it requested authority to employ and compensate Max Brandon Ludlum. [Ecf No. 40]

3. Mr. Ludlum holds an interest in the Debtor and offers services to the Debtor's operations.

5. In the Application, the Debtor seeks authority to pay compensation to Mr. Ludlum for being the sole medical provider and for being the sole officer and management of the Debtor. The proposed compensation is $145,600.00 annually through bi-weekly payments of $5,600.00.

6. In addition, the Debtor seeks authority to provide Mr. Ludlum by paying his fuel costs and medical insurance expenses.

7. In light of his duties for the Debtor, the Court finds that this compensation is reasonable based on the subjective standard of pre-petition compensation and the objective standard of compensation of similarly situated professionals in this industry.

8. The Court further finds that the continued services of this officer to the Debtor and the estate is necessary for an effective reorganization of the Debtor.

**THEREFORE, IT IS ORDERED** that the Debtor is authorized to employ and compensate its officer under the terms as prayed for in the Motion without further order of this Court, with such employment and compensation being effective as of the Petition Date.

**END OF DOCUMENT**