**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **TIGHT LINES FAMILY MEDICINE, P.A.,** | **25-02137-5-JNC** |
| **DEBTOR.** | **CHAPTER 11** |

**BANKRUPTCY ADMINISTRATOR'S RECOMMENDATION REGARDING THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN**

NOW COMES the United States Bankruptcy Administrator for the Eastern District of North Carolina, by and through undersigned counsel, to respectfully report to the Court his recommendation regarding the appointment of a patient care ombudsman, pursuant to 11 U.S.C. § 333(a). The Bankruptcy Administrator reports and recommends the following:

1. On June 6, 2025, the Debtor filed a Voluntary Petition for Non-Individuals Filing for Bankruptcy ("Voluntary Petition") [DE #1], seeking relief under Chapter 11 of the United States Bankruptcy Code.

2. Within Question 7 of the Voluntary Petition, the Debtor described its business as a Health Care Business, as defined under 11 U.S.C. §101(27A).

3. Based on information available to the Bankruptcy Administrator, the Debtor may be a health care business as defined under the Bankruptcy Code.

4. The sole member of the Debtor is Max Brandon Ludlum ("Mr. Ludlum"). Mr. Ludlum is a North Carolina licensed physician's assistant.

5. Based on a review of the North Carolina Medical Board conducted on June 16, 2025, Mr. Ludlum is supervised by John Alberto Sanchez ("Dr. Sanchez"), a licensed North Carolina medical doctor.

6. An updated review of the North Carolina Medical Board was conducted as of the day of this filing and demonstrated Mr. Ludlum's physician's assistant license is active in North Carolina, and he has no reported disciplinary actions. Dr. Sanchez has an active license to practice medicine in North Carolina and has no reported disciplinary actions.

7. The Debtor additionally employs one medical assistant, and its other two employees are administrative staff.

8. Based on representations made by Mr. Ludlum and through Debtor's counsel, the Debtor operates as a family practice and additionally helps with addiction recovery. Dr. Sanchez is board certified in family medicine and practices in addiction medicine. The need to file for bankruptcy was related solely to costs of operation.

9. The North Carolina Medical Board search lists that Dr. Sanchez is located in Nags Head, North Carolina. Debtor, through its counsel, stated that Dr. Sanchez is available via telephone call or Zoom call at any time should Mr. Ludlum need to consult Dr. Sanchez about anything regarding the Debtor's patients and their treatment. Mr. Ludlum and Dr. Sanchez meet every six months.

10. The Bankruptcy Administrator believes the following factors support not appointing a patient care ombudsman in this case:

a. the Debtor is seeking bankruptcy relief due to costs of operation, not because of allegations of deficient patient care;

b. there is no evidence of any action taken by any state or federal regulator authority against the Debtor, its sole member, or its supervising medical doctor;

c. the Debtor operates an outpatient facility providing family medicine and addiction recovery services and does not provide patients with shelter or sustenance, but does write prescriptions;

d. patients have a low level of dependency on the Debtor and there is not a high risk of injury to patients if the Debtor drastically reduced its level of patient care;

e. there is a low likelihood of tension between the interests of the patients and the Debtor; and,

f. the impact of the cost of an ombudsman would detrimentally impact the Debtor's chance at a successful reorganization.

11. Based on the factors identified above, the Bankruptcy Administrator recommends that the Court not appoint a patient care ombudsman, as such appointment is not necessary for the protection of patients given the specific facts of this case.

12. In the event information arises that alters the Bankruptcy Administrator's recommendation, he shall promptly bring that information to the attention of the Court.

**WHEREFORE**, the Bankruptcy Administrator respectfully recommends that the Court not appoint a patient care ombudsman.

Respectfully submitted, this the 20th of June, 2025.

Brian C. Behr
Bankruptcy Administrator

By: /s/ Kylie Bouplon Beresford
Kylie Beresford
Staff Attorney
U.S. Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 334-3885
kylie_beresford@nceba.uscourts.gov
State Bar No. 60772

# CERTIFICATE OF SERVICE

I, Kylie Beresford, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, a representative of the U.S. Bankruptcy Administrator's Office served copies of the foregoing document on the following:

J.M. Cook *(via CM/ECF)*
Attorney for the Debtor

Tight Lines Family Medicine, P.A. *(via Regular Mail)*
165 North Hills Drive
Wilmington, NC 28411

I certify under penalty of perjury that the foregoing is true and correct.

Dated this the 20th of June, 2025.

By: /s/ Kylie Bouplon Beresford
Kylie Beresford
Staff Attorney
U.S. Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 334-3885
kylie_beresford@nceba.uscourts.gov
State Bar No. 60772