**SO ORDERED.**

**SIGNED this 24 day of June, 2025.**

Joseph N. Callaway
United States Bankruptcy Judge

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:**
**TIGHT LINES FAMILY MEDICINE, PA ,**

**Debtor-in-Possession**

**CASE NO. 25-02137-5-JNC**
**Chapter 11**

## SECOND ORDER ON INTERIM USE OF CASH COLLATERAL

The matter before the court is the Emergency Motion to Use Cash Collateral made pursuant to 11 U.S.C. § 363 (Dkt. 8; the "Motion") filed by the debtor Tight Lines Family Medicine, P.A. (the "Debtor") in this chapter 11 case. It follows entry of a first interim order approving use on a limited basis (Dkt. 15; the "Order") for the period of June 6, 2025 to the date of this hearing. As required in the Order, a return hearing was conducted by remote video on June 24, 2025, with the court sitting in Greenville, North Carolina. Attorney Jeff Cook appeared for the Debtor and attorney Kylie Beresford appeared for the Bankruptcy Administrator.

The Debtor is a family medical and addiction treatment practice located in New Hanover County, North Carolina. It filed a chapter 11 petition (Dkt. 1) with this court on June 6, 2025, and has operated as a chapter 11 debtor-in-possession since that date, with the use of cash limited as approved in the Order.

The Debtor's projection of income and operating budget attached as an exhibit to the Motion was supplemented by an updated exhibit (Dkt. 20; the "Budget") for the period of June 21 to July 21, 2025. At the hearing, the principal of the Debtor, Mr. Max B. Ludlum, testified concerning the same. He relayed prepetition and postpetiton problems with medical receivables billing and collections that, as set forth in the Budget, may necessitate an infusion of about $25,000 in insider loans or capital contributions. Without that infusion, he stated that the Debtor cannot operate and remain open. The source of the cash infusion is a family member. Mr. Ludlum further testified that the Debtor currently has about $8,000 of cash on hand, and about the need for a "soft landing" transition period for patients of the practice in the event of closure.

Based on the Motion, the testimony provided by Mr. Ludlum, and the arguments of counsel and the Bankruptcy Administrator, it is ORDERED and DECREED that the Debtor is authorized to use cash collateral **on a limited and interim basis** as follows:

1. The Debtor may use up to $10,000 of the total cash collateral in conformance with the projections in the Budget for the week between the date of this hearing (June 24) and the return date stated below (July 1). The Debtor may use its business judgment in determining which exact line items contained in the Budget are necessary expenditures during this one week window.

2. If the insider cash infusion is to be treated as a postpetiton loan instead of a capital contribution, the Debtor must file and notice a motion under section 364 of the Bankruptcy Code.

3. The Debtor shall remain current in the payment of all post-petition tax liabilities, including but not limited to sales and use taxes, payroll taxes. It shall not dispose of any asset outside of the ordinary course of its business. It shall preserve and protect medical receivables and billings, excepting the allowed expenditures of cash collateral hereunder.

4. A return hearing on the Motion is set and noticed by remote video with the court sitting in Greenville, North Carolina, using the following meeting information:

   **Time: Jul 1, 2025 09:00 AM Eastern Time (US and Canada)**
   **Join ZoomGov Meeting**
   **https://www.zoomgov.com/j/1607345885?pwd=FvOtDt614uNGo0v0zdIU6RJNKXDztS.1**

   **Meeting ID: 160 734 5885**
   **Passcode: 07632538**

   Dial by your location
   +1 646 828 7666 US (New York)

5. Pursuant to Fed. R. Bankr. P. 1007 and 4001, the Debtor must serve notice of this Second Interim Order within five (5) days on all parties entitled to receive the same.

**END OF DOCUMENT**