**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **Tight Lines Family Medicine, P.A.,** | **25-02137-5-JNC** |
| **DEBTOR.** | **CHAPTER 11** |

**EMERGENCY MOTION TO CONVERT DEBTOR'S CASE TO CHAPTER 7, OR IN THE ALTERNATIVE, DISMISS DEBTOR'S CASE PURSUANT TO 11 U.S.C. §1112(b)**

NOW COMES the Bankruptcy Administrator for the Eastern District of North Carolina ("BA"), by and through undersigned counsel, who respectfully moves the Court for an order converting the Debtor's case to one under Chapter 7 or, in the alternative, an order dismissing the Debtor's case pursuant to 11 U.S.C. §1112(b). In support of this emergency motion, the BA shows unto the Court as follows:

1. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on June 6, 2025.

2. Since filing, the Debtor has remained in possession of the estate as a debtor in possession ("DIP"). The Debtor is operated by Max Brandon Ludlum ("Mr. Ludlum") who is a licensed North Carolina physician's assistant. The Debtor provides family medicine and addiction services to its patients.

3. On June 9, 2025, the Court entered an Order Regarding Administration of Estate ("Order"). According to the Order, the Debtor shall comply with the requirements set forth in Local Bankruptcy Rule 4002-1(c) ("Rule 4002").

4. In accordance with Rule 4002 and the BA's Administrative Guidelines ("Guide"), the Debtor was required to provide certain documents to the BA shortly

after the petition date; for example, evidence of closure of all pre-petition bank accounts, documentation regarding the Debtor's newly opened DIP bank accounts, copies of all insurance policies, copies of all bank records for all bank accounts maintained by the Debtor for the one-year period prior to filing, and copies of tax returns for the three tax years prior to filing.

5. Since the petition date, the Debtor has not provided any documents to the BA; accordingly, the Debtor is not in compliance with Rule 4002 or the BA's Guide.

6. Since filing, the Debtor has had two (2) hearings on the interim use of cash collateral.

7. During the first hearing on the use of cash collateral, which was held on June 12, 2025 in Greenville, North Carolina ("First Hearing"), the Debtor, through Mr. Ludlum, testified that its estimated payroll expenses for the next thirty days would be approximately double what was projected in the budget that was presented at the First Hearing. Mr. Ludlum additionally testified that the Debtor had about $10,000.00 on hand at the time of the First Hearing. Due to the increase in payroll expenses as indicated by Mr. Ludlum's testimony and in consideration of the cash on hand at the First Hearing, the Debtor projected a net negative of approximately $15,000.00 during the thirty-day period.

8. Due to concerns that the Debtor would not have enough money to operate at the end of a thirty-day period, the Court authorized the Debtor's use of cash collateral through June 20, 2025 and set a return hearing date for June 24, 2025.

9. At the second hearing on the Debtor's use of cash collateral ("Second Hearing"), the Debtor, through Mr. Ludlum, testified that it would be unable to pay

for its expenses absent a $25,000.00 infusion from Mr. Ludlum's mother. The Debtor additionally testified that it utilized an American Express credit card to pay for certain of the Debtor's expenses, and that the Debtor currently had $8,000.00 on hand. Absent the infusion from Mr. Ludlum's mother and the utilization of an American Express credit card, the Debtor would be operating at a net negative of approximately $17,000.00 according to the updated budget the Debtor filed on June 23, 2025 as an exhibit for the Second Hearing [DE #20]. As a result, the Court set a return hearing on the use of cash collateral for July 1, 2025, approximately a week later.

## ARGUMENT

10. 11 U.S.C. §1112(b) allows the Court to convert the Debtor's case to one under Chapter 7 or dismiss the Debtor's case for cause.

*Failure timely to provide information or to attend meetings reasonably requested by the bankruptcy administrator:*

11. Pursuant to 11 U.S.C. §1112(b)(4)(H), "cause" includes a failure to timely provide information to the BA and a failure to comply with an order of the Court.

12. At the time of this filing, the Debtor has not yet provided the BA with any documents pursuant to Local Bankruptcy Rule 4002-1 as required by the Court's Order.

*Administrative Insolvency:*

13. Additionally, cause under 11 U.S.C. § 1112 does not have to be included within the enumerated list. Administrative insolvency has regularly been recognized by Courts as a cause for dismissal under 11 U.S.C. § 1112. *In re Emerald Grande, LLC*, No 17-bk-21, 2018 Bankr. LEXIS 1614, at *6-7 (Bankr. N.D.W. Va. June 4, 2018) ("Notably, a debtor's administrative insolvency can demonstrate cause under §1112(b)(4)(A) or serve as independent cause for conversion, although not explicitly listed in the statute.")

14. At both the First Hearing and Second Hearing, Mr. Ludlum's testimony indicated that the Debtor would not generate enough funds to sufficiently pay for the Debtor's ongoing expenses. The budget presented at the First Hearing and Mr. Ludlum's testimony demonstrated a net negative budget of approximately $15,000.00. At the Second Hearing, absent infusions from Mr. Ludlum's mother and the utilization of an American Express credit card, the budget projected another net negative of approximately $17,000.00. Based on the net negative budgets, the Debtor is administratively insolvent. The Debtor needs continual financing to remain in operation and it is unclear how the Debtor can continue to acquire financing during the pendency of its case.

15. The BA believes that sufficient cause exists to convert the Debtor's case to one under Chapter 7 or, in the alternative, dismiss the Debtor's case.

**WHEREFORE**, the undersigned respectfully requests that the Court:

1. Schedule a hearing on this matter on an emergency basis;

2. Convert the Debtor's case to one under Chapter 7;

3. In the alternative, Dismiss the Debtor's case; and,

4. Grant any additional relief the Court deems just and proper.

Respectfully submitted this 25th day of June, 2025.

Brian C. Behr
U.S. Bankruptcy Administrator

By: /s/ Kylie Beresford
Kylie Beresford
Staff Attorney
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
kylie_beresford@nceba.uscourts.gov
State Bar No. 60772

**CERTIFICATE OF SERVICE**

I, Kylie Beresford, of 434 Fayetteville Street, Suite 640, Raleigh, North Carolina, 27601, certify; that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age. That on this day, a representative of the Bankruptcy Administrator's Office served copies of the foregoing document on the following:

J.M. Cook *(via Regular U.S. Mail)*
J.M. Cook, P.A.
5886 Faringdon Place
Suite 100
Raleigh, NC 27609

Tight Lines Family Medicine, P.A. *(via Regular U.S. Mail)*
Attn: Managing Agent
165 North Hills Drive
Wilmington, NC 28411

I certify under penalty of perjury that the foregoing is true and correct.

Dated 25th day of June, 2025.

Brian C. Behr
U.S. Bankruptcy Administrator

By: /s/ Kylie Beresford
Kylie Beresford
Staff Attorney
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
kylie_beresford@nceba.uscourts.gov
State Bar No. 60772