**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 25-02137-5-JNC** |
| | ) | |
| **TIGHT LINES FAMILY MEDICINE, P.A.,** | ) | **CHAPTER 11** |
| | ) | |
| | ) | |
| **Debtor in possession** | ) | |

**OBJECTION TO APPLICATION FOR APPROVAL OF EMPLOYMENT AND COMPENSATION OF OFFICER**

**NOW COMES,** the Bankruptcy Administrator for the Eastern District of North Carolina ("BA"), by and through undersigned counsel, who respectfully files this objection to the Debtor's Application for Approval to Employ and Compensate Officer ("Application"); and, in support thereof, shows the Court the following:

1. The Debtor filed the above-captioned petition for relief under Chapter 11 of the United States Bankruptcy Code on June 6, 2025.

2. On June 12, 2025, the Debtor filed the Application [DE #12].

3. Through the Application, the Debtor seeks to employ and compensate Max Brandon Ludlum ("Mr. Ludlum") as President of the Debtor.

4. The Debtor seeks to compensate Mr. Ludlum an annual salary of $145,600.00, payable via bi-weekly W-2 payments of $5,600.00. In addition, the Debtor seeks to reimburse Mr. Ludlum for his fuel expenses at a rate of $300.00 per week, and for his medical insurance in the amount of $743.17. It is unclear if the amount requested for Mr. Ludlum's medical insurance is a monthly amount.

5. Local Bankruptcy Rule 4002-1(d)(1)(A) requires the Debtors to include in the Application certain information about an officer's employment history with the Debtor, including a salary history and supporting documentary evidence, usually a W-2 from the year prior to filing and six months of recent paystubs.

6. As of the time of filing this response, the Bankruptcy Administrator has not received any historical documentation to determine whether the requested salary and expense reimbursements are appropriate.

7. The BA is concerned with the compensation requested by Mr. Ludlum in light of the Debtor's need for a post-petition infusion in the amount of approximately $25,000.00 as the Debtor's testimony indicated at the second interim cash collateral hearing conducted on June 24, 2025. It is unclear whether the Debtor can afford to pay Mr. Ludlum the requested salary and expense reimbursements.

8. Based on the lack of historical documentation of Mr. Ludlum's salary and concerns regarding the Debtor's ability to pay Mr. Ludlum the requested amounts, the BA believes additional information is needed to support the reasonableness of this request.

**WHEREFORE,** based upon the foregoing, the Bankruptcy Administrator respectfully objects to the Debtor's Application for Approval to Employ and Compensate Officer, requests that the Court hold a hearing on this matter; and, requests that the Court grant such other and further relief the Court may deem just and proper.

Respectfully submitted, this 26th day of June, 2025.

Brian C. Behr
Bankruptcy Administrator

By: /s/ Kylie Bouplon Beresford
Kylie Beresford
State Bar No. 60772
Staff Attorney
U.S. Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
kylie_beresford@nceba.uscourts.gov

# CERTIFICATE OF SERVICE

I, Kimberly D. Summerlin, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document upon the following:

J.M. Cook *(via CM/ECF)*
**Attorney for the Debtor**

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 26th day of June, 2025.

By: /s/Kimberly D. Summerlin
Kimberly D. Summerlin
Bankruptcy Analyst
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 856-4886