**SO ORDERED.**

**SIGNED this 1 day of July, 2025.**

**Joseph N. Callaway**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

**IN RE:**
**TIGHT LINES FAMILY MEDICINE, PA ,**

**CASE NO. 25-02137-5-JNC**
**Chapter 11**

**Debtor-in-Possession**

# THIRD ORDER ON USE OF CASH COLLATERAL

The matter before the court is the Emergency Motion to Use Cash Collateral made pursuant to 11 U.S.C. § 363 (Dkt. 8; the "Motion") filed by the debtor Tight Lines Family Medicine, P.A. (the "Debtor") in this chapter 11 case. It follows entry of a first interim order approving use on a limited basis (Dkt. 15; the "First Order") for the period of June 6, 2025 to the return hearing date of June 24, 2025, and then a second order granting use of cash collateral through the return hearing date of July 1, 2025 (Dkt. 22, the "Second Order"). As required in the Second Order, a return hearing was conducted by remote video on July 1, 2025, with the court sitting in Greenville, North Carolina. Attorney Jeff Cook appeared for the Debtor and attorney Kirstin Gardner appeared for the Bankruptcy Administrator ("B.A."). No witness was presented.

The Debtor is a family medical and addiction treatment practice located in New Hanover County, North Carolina. It filed a chapter 11 petition (Dkt. 1) with this court on June 6, 2025, and has operated as a chapter 11 debtor-in-possession since that date, with the use of cash limited as approved in the orders noted above. On June 25, 2025, the B.A. filed a motion to dismiss or convert (Dkt. 23; the "Motion to Dismiss") along with a motion to expedite hearing (Dkt. 24). The motion to expedite hearing was granted, and a hearing on the Motion to Dismiss is scheduled for July 9, 2025.

At the hearing, Mr. Cook relayed that a cash infusion as proposed at the June 24 hearing had not materialized, and the collection of medical receivables were falling far short of projections. As a result, the continued operation of Debtor's business is no longer viable. However, before dismissal or conversion, a short window of time is necessary to seek placement of patients with

other medical practices. He reports the Debtor has cash on hand available to remain open at least until July 9, 2025. Mr. Cook therefore sought permission for the Debtor to use cash collateral based on the updated budget attached to the Motion and updated on June 24 for the period from July 1, 2025, to July 9, 2025, when the Motion to Dismiss is set to be heard. For the reasons stated on the record, the court granted the request for a short extension of the cash collateral order.

Therefore, it is hereby ORDERED and DECREED that the Debtor is authorized to use cash collateral as follows:

1. The Debtor may use up to $10,000 of cash collateral in conformance with the projections in the budget for the period of the date of this hearing (July 1) until the close of business on July 9, 2025.

2. The Debtor shall remain current in payment of all post-petition tax liabilities, including payroll taxes. It shall not dispose of any asset outside of the ordinary course of its business. It shall preserve and protect medical receivables and billings, excepting the allowed expenditures of cash collateral hereunder.

3. Pursuant to Fed. R. Bankr. P. 1007 and 4001, the Debtor must serve notice of this Third Interim Order within five (5) days on all parties entitled to receive the same.

**END OF DOCUMENT**